FILED
ASHEVILLE, NC

FEB 23 2026

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 1:26-CR-5-MOC-WCM |
| v. | BILL OF INFORMATION |
| (1) KIEM THANH HUYNH<br>(2) MY NGOC TRUONG | Violations:<br>18 U.S.C. §§ 545, 1159, and 2 |

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE

From on or about July 25, 2024, through on or about May 17, 2025, in Macon County, within the Western District of North Carolina and elsewhere, the defendants

**(1) KIEM THANH HUYNH**
**(2) MY NGOC TRUONG**

did offer and display for sale, and sell, any goods at a total price of $1,000.00 or more, in a manner that falsely suggested the goods were Indian produced, an Indian product, and the product of a particular Indian and Indian tribe, when in truth each defendant knew the goods were not Indian produced, an Indian product, and the product of a particular Indian tribe, and did aid and abet each other in doing so.

All in violation of Title 18, United States Code, Sections 1159(a) and 2.

## COUNT TWO

From on or about December 14, 2023, through on or about May 17, 2025, in Macon County, within the Western District of North Carolina and elsewhere, the defendants

**(1) KIEM THANH HUYNH**
**(2) MY NGOC TRUONG**

did willfully, fraudulently, and knowingly receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of merchandise imported contrary to law, that is Native American-style jewelry, arts, and crafts, after the importation thereof, the defendants then knowing that said merchandise had been imported and brought into the United States contrary to law, in that the merchandise was not indelibly marked with the country of origin by cutting, die-sinking, engraving, stamping, and some other permanent method, and did aid and abet each other in doing so.

All in violation of Title 18, United States Code, Sections 545 and 2, and Title 19, Code of Federal Regulations, Part 134, Section 43.

## NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

1. All property which constitutes or is derived from proceeds of the violations set forth in this Bill of Information; and

2. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

The following property is subject to forfeiture on one or more of the grounds stated above: a forfeiture money judgment in the amount of at least $341,967.98, such amount constituting the proceeds of the violations set forth in this Bill of Information.

RUSS FERGUSON
UNITED STATES ATTORNEY

Alex M. Scott
Assistant United States Attorney